UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GUSTAVO ADOLFO ALAMO DE LA RANS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>U.S. ATTORNEY GENERAL TODD BLANCHE,<br>DAVID J. VENTURELLA,<br>DIRECTOR CHICAGO FIELD OFFICE,<br>WARDEN CLAY COUNTY JAIL,<br><br>Respondents. | ) | No. 2:26-cv-00596-JPH-MJD |

**ORDER DISMISSING HABEAS PETITION**

Petitioner Gustavo Adolfo Alamo de la Rans has filed a petition for writ of habeas corpus. For the following reasons, that petition is **dismissed**.

**I. Factual Background**

Petitioner is a citizen of Venezuela who entered the United States in 2021. Dkt. 1 ¶ 12. He was detained and released on parole in 2021 and later arrested on February 2, 2026. *Id.* ¶¶ 12–13. He has remained in custody since that time. *Id.* ¶ 15.

On June 16, 2026, an immigration judge ordered Petitioner removed to Venezuela but also granted withholding of removal. *Id.* ¶ 16. Both parties reserved their right to appeal, dkt. 1-2 at 4, and petitioner represents that the order is final because no party appealed the decision.[1] Dkt. 1 ¶ 16.

[1] The deadline to file a petition for review of a final order of removal is 30 days, 8 U.S.C. § 1252(b)(1), so the removal order became final on or about July 16, 2026.

Petitioner brings a due process claim based on his expected removal to a third country, specifically Mexico. *Id.* ¶¶ 35–42.

**II. Analysis**

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, *Rules Governing § 2254 Cases*; *see also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254.).

When considering a petition for writ of habeas corpus, the Court's purview is limited. "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 118 (2020) (vacatur of a removal order is relief that "falls outside the scope of the common-law habeas writ"). Petitioner's argument that he is due more process than current policy provides before he may be removed to Mexico, a third country, is not about his detention and is therefore not properly before the Court. Petitioner cites several cases, including *Kossov v. I.N.S.*, 132 F.3d 405, 408 (7th Cir. 1998), and *Kuhai v. I.N.S.*, 199 F.3d 909, 913 (7th Cir. 1999), for the proposition that due process requires that he be afforded a "full opportunity" to oppose third-country removal based on a reasonable fear of being removed to that country. *See* dkt. 1 at 8–9. *Kossov* and *Kuhai*, however, did not originate in a district court on a petition for writ of habeas corpus. Instead, those cases reached the Seventh Circuit on petitions for review of Board of Immigration Appeals decisions. So *Kossov* and *Kuhai* do not support

Petitioner's argument here. Moreover, the Court is prohibited by statute from determining whether Petitioner is entitled to further due process before being removed to Mexico:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

The only question properly before the Court is whether Petitioner's detention is unlawful. Once ordered removed, 8 U.S.C. § 1231 governs both the procedures for removal and a noncitizen's detention pending removal. The statute establishes that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," which is defined as the "removal period." 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the removal period, which begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at §§ 1231(a)(1)(B), (a)(2)(A).

Here, the removal order became final on or about July 16, 2026, so 90 days have not passed from the date the order of removal became final. Petitioner's detention is therefore mandated by statute and not contrary to law.

To the extent Petitioner's removal-based argument—that he fears removal to Mexico and is entitled to more process than current policy provides—is meant to demonstrate that Petitioner's removal to Mexico is not reasonably foreseeable, *see* dkt. 1¶ 31, that foreseeability is immaterial to detention during the removal period, when detention is mandatory. *See* 8 U.S.C. § 1231(a)(2)(A). The reasonable foreseeability of removal is considered when analyzing a due process claim *after* the removal period has expired, which has not yet occurred here. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Last, Petitioner has identified four district court cases where, on petitions for writ of habeas corpus, the district court addressed the merits of a due process challenge to third-country removal policy.[2] In those cases, however, the petitioners were no longer within the 90-day removal period where detention is mandatory, as Petitioner is here. 8 U.S.C. § 1231(a)(2)(A) requires that Petitioner be detained.

The petition plainly shows that Petitioner is not entitled to the relief he seeks in a habeas corpus case. Petitioner's detention is not unlawful; it is mandatory.

---

[2] *Bautista Serpas v. Noem*, No. 1:25-cv-02369, Dkt. No. 15 (E.D. Va. Feb. 3, 2026); *Juarez Villatoro v. Noem*, No. 1:25-cv-2359-AJT-WEF, Dkt. No. 17 (E.D. Va. Jan. 6, 2026); *Sagastizado v. Noem*, 802 F. Supp. 3d 992 (S.D. Tex. 2025); *Cruz-Medina v. Noem*, 806 F. Supp. 3d 536 (D. Md. 2025).

### III. Conclusion

Because Petitioner's detention is mandatory during his present removal period, the Court **dismisses without prejudice** his petition for writ of habeas corpus. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 9/22/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.